UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEROY HAMPTON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>Defendants. | Case No. 1:22-cv-00518-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>(Doc. No. 8)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (Doc. No. 10) |

Pending before the Court are two motions filed by pro se Plaintiff Thomas Leroy Hampton on April 2, 2024. In his first, a Motion for Appointment of Guardian ad Litem, Plaintiff requests the appointment of Ms. Shadale L. Williams, a fellow inmate at R.J. Donovan Correctional Facility, as his guardian ad litem. (Doc. No. 8). In support, Plaintiff attaches the Declaration of Ms. Williams. (Doc. No. 9). In his second, a Motion for Extension of Time, Plaintiff requests additional time to file his amended complaint. (Doc. No. 10). For reasons set forth below, the Court denies Plaintiff's Motion for Appointment of Guardian Ad Litem but grants the Motion for Extension of Time.

**MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**

Federal Rule of Civil Procedure 17(c) requires a court to "appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to

1

a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. *Id*. at 1152–54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1). Because Plaintiff is incarcerated in California, California state law applies. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and *In re Sara D.*, 87 Cal. App. 4th 661, 666–67 (2001)). Once a substantial question regarding a party's competence is raised, the court is under "legal obligation" to consider whether the incompetent person is adequately protected. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash*. (Acres), 795 F.2d 796, 805 (9th Cir. 1986)). The court's obligation to either appoint a guardian ad litem or issue another appropriate order under Rule 17(c) does not arise "until after a determination of incompetence has been made by the court in which the issue is raised." *Forte v. Cnty. of Merced*, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)) (emphasis omitted).

Here, Plaintiff has not made a sufficient showing to establish the need for appointment of a guardian ad litem.[1] Plaintiff's filing asserts that he has "become less literate, slow to learn and comprehend" however he does not provide a declaration or any medical documentation

---

[1] Plaintiff's Motion proposes appointing Ms. Williams as guardian ad litem or "next to friend." (Doc. No. 8 at 3). Rule 17(c) refers to both guardian ad litem and a "next friend." Traditionally, guardian ad litem and next friend were different offices. *See, e.g., Dacanay v. Mendoza*, 573 F.2d 1075, 1076 n. 1 (9th Cir.1978); 6A Charles A. Wright, et al., Fed. Prac. & Proc. Civ. § 1572 (3d ed.) ("Prior to the adoption of Federal Rule 17(c), . . . [a next friend] was empowered to bring suit on behalf of an infant or incompetent, whereas [a guardian ad litem] defended actions against the infant or incompetent."). In modern practice, however, the distinction is one of name only. *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. 2015) (internal citations omitted).

2

suggesting that he is incompetent or that he "lacks the capacity to understand the nature or consequences of [this] proceeding." (Doc. No. 8 at 2); *see Golden Gate Way, LLC*, 2012 WL 4482053 at *2. Although Plaintiff submits a Declaration from Williams in support of his Motion, the Declaration does not attest to Plaintiff's incompetence or otherwise establish the need for Plaintiff to be appointed a guardian ad litem. (*See* Doc. No. 9). Indeed, while Plaintiff's case has not yet proceeded past screening, he nonetheless has capably filed an intelligible Complaint and First Amended Complaint that do not indicate Plaintiff lacks the capacity to represent himself adequately. (*See* Doc. Nos. 1, 6).

Further, Ms. Williams likely does not meet the requirements to be appointed guardian ad litem. A guardian ad litem is "[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *Black's Law Dictionary* (10th ed. 2014). "Ad litem" means "[f]or the purposes of the suit; pending the suit." *Id*. While a self-represented, non-attorney litigant may represent himself "that privilege is personal" and does not entitle another non-attorney to represent him. *Genaro v. Dep't of Corr.*, 2021 WL 6772969, at *2 (D. Alaska Feb. 4, 2021). A self-represented litigant has no authority to appear as an attorney for anyone other than himself. *Id.*, *see Johns v. San Diego County*, 114 F.3d 874 (9th Cir. 1997) ("it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected") (internal citations omitted). A non-lawyer guardian ad litem must secure representation from counsel. There is no indication that Ms. Williams intends to secure counsel and she may not represent another pro se party in litigation.[2] Accordingly, the Court will deny Plaintiff's Motion to appoint Ms. William as a guardian ad litem.

## MOTION FOR EXTENSION OF TIME

Plaintiff also requests a 30-day extension of time to respond to the Court's September 25, 2023 Screening Order or file an amended complaint because he needs to conduct additional

---

[2] The Court's denial of Plaintiff's Motion does not preclude Ms. Williams from assisting Plaintiff in preparation of his legal filings, including his second amended complaint, if permitted by correctional regulations.

3

research and obtain documents related to his claim. (Doc. No. 10). The Court may grant an extension of time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). The Court finds good cause to grant the extension.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Motion for Appointment of Ms. Shadale L. Williams as Guardian ad Litem (Doc. No. 8) is **DENIED**.
2. Plaintiff's Motion for Extension of Time to file a Second Amended Complaint (Doc. No. 10) is **GRANTED**.
3. Plaintiff shall deliver his response to the Court's September 25, 2023 Screening Order or his amended complaint to correctional officials for mailing no later than **May 10, 2024**.

Dated: April 10, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE