UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS LEROY HAMPTON,

Plaintiff,

v.

KIWANA HILL, ULYSSES BANIGA, NANCY HOLMES, TIFFANY GABBARD, and S. ONYANGO,

Defendants.

Case No.  1:22-cv-00518-HBK

ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE PLEADING[1]

(Doc. 42)

On March 5, 2026, Plaintiff filed a two-page "Motion to Dismiss Defendants and Amend Pleadings" (Doc. 42, "Motion"), to which Defendants filed an Opposition (Doc. 44).  Plaintiff seeks leave to amend his operative complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  Defendants argue that leave to amend should not be granted because the amendment was unduly delayed, would be prejudicial, and any amendment would be futile.

BACKGROUND

Plaintiff proceeds in this action on his amended complaint filed May 2024 alleging Eighth Amendment deliberate indifference claims against Defendants Baniga, Hill, Holmes, Gabbard,

---

[1] The parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1).  (Doc. 25).

and Onyango for failing to examine or treat Plaintiff's back condition, and a separate Eighth Amendment deliberate medical indifference claim against Defendants Hill and Baniga for failing to provide Plaintiff with necessary pain medications after surgery. (Docs. 12, 13). Discovery in this action is closed. *See* December 3, 2024 Case Management and Scheduling Order. (Doc. 22). On December 23, 2025, Defendants filed a motion for summary judgment on the merits. (Doc. 36).

Plaintiff filed the instant Motion on the same day he filed his opposition to Defendants' motion for summary judgment. The Motion is not accompanied by a proposed amended complaint. Instead, Plaintiff attaches the Declaration of Defendant Dr. K. Hill, submitted by Defendants in support of their motion for summary judgment. (Doc. 42 at 3-11). The Motion seeks hybrid relief. First, Plaintiff appears to concede that he does not possess viable claims against four Defendants. Second, he seeks leave to amend the complaint to add two unidentified Defendants and to assert a new claim arising from his transportation to the hospital.

The Court will address the claims against those four Defendants in connection with its ruling on the pending motion for summary judgment. Accordingly, the Court considers the present Motion only to the extent Plaintiff seeks leave to amend the complaint.

APPLICABLE LAW

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Because Defendants do not consent, the Court considers whether justice requires amendment by examining the following factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended the complaint. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted). Prejudice is the most important factor. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). A finding of futility alone can justify denial. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

////

////

ANALYSIS

Here, Plaintiff seeks leave to add two unnamed defendants based on allegations regarding his transport to the hospital on an unspecified date.  This request asserts a new theory of liability against unidentified parties.  It is prejudicial to add new theories or to fundamentally shift strategy at such a late stage.  *See Morongo Bande of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Defendants would plainly suffer prejudice if the Court granted leave at this late date.  Discovery in this action is closed, and Defendants have filed a timely motion for summary judgment which is fully briefed.  Filing a motion to amend after both an opportunity for discovery and the filing of a summary judgment motion weighs heavily against granting leave to amend.  *See Reed v. Teledyne Sys. Co.*, 94 F.3d 652 (9th Cir. 1996) (citing *Schlacter–Jones v. General Telephone,* 936 F.2d 435 (9th Cir. 1991)).

Defendants note that, at his deposition in July 2025, Plaintiff testified that he was placed over the rear suspension of a prison van to transport to the hospital.  (Doc. 44 at 7:14-15).  Plaintiff offers no explanation for his failure to seek amendment earlier or for his delay in raising this new claim.  *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir.1996); *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988).  The Court therefore finds undue delay.  *See AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 953 (9th Cir. 2006) (courts consider whether the party knew or should have known the facts giving rise to the claim earlier).

Finally, the motion to amend is bare bones.  Plaintiff neither attaches a proposed amended complaint nor provides a detailed description of the new claims and supporting facts.  Without a proposed amended complaint or a sufficiently detailed description of the new claims, the Court cannot determine whether the amendment would be futile.

Accordingly, IT IS ORDERED:

Plaintiff's Motion to Amend the Pleading (Doc. 42) is DENIED.

Dated:    July 2, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3